**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000844
09-OCT-2013
08:29 AM**

NO. CAAP-12-0000844

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
ALEXANDER BORERO, III a.k.a. ALEXANDER BORRERO, III,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 10-1-312 )

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Alexander Borero, III (Borero) appeals from the "Judgment of Conviction and Sentence" entered September 10, 2012 nunc pro tunc to September 6, 2012 in the Circuit Court of the Third Circuit[1] (circuit court).

At proceedings held May 2, 2011, Borero pled guilty to unauthorized control of propelled vehicle (count one), attempted assault in the first degree (count two), and negligent injury in the first degree (count three).

On appeal, Borero contends: (1) the circuit court abused its discretion when it denied "[Borero's] Motion to Withdraw Guilty Plea Entered May 2, 2011," (2) the circuit court abused its discretion when it denied "[Borero's] Motion For

---

[1] The Honorable Glenn S. Hara presided.

Reconsideration of the Findings of Fact, Conclusions of Law, and Order Denying [Borero's] Motion to Withdraw Guilty Plea" (motion to reconsider), and (3) that he was denied effective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Borero's appeal is without merit.

(1) The circuit court did not abuse its discretion when it denied "[Borero's] Motion to Withdraw Guilty Plea Entered May 2, 2011."

"Generally, we review the trial court's denial of a motion to withdraw guilty plea for abuse of discretion." State v. Topasna, 94 Hawaiʻi 444, 452, 16 P.3d 849, 857 (App. 2000). If our review of the court's discretion hinges on the constitutional inquiry whether the defendant knowingly, intelligently, and voluntarily entered his or her plea of guilty, we review de novo. Id.

"A defendant does not enjoy an absolute right to withdraw his or her guilty plea." Id. at 451, 16 P.3d at 856. Where the motion is made before sentencing, "the motion should be granted if the defendant has presented a fair and just reason for his request and the prosecution has not relied upon the guilty plea to its substantial prejudice." Id. at 451, 16 P.3d at 856.

There are two recognized bases for a "fair and just reason" to withdraw a guilty plea: (1) "that the defendant did not knowingly, intelligently and voluntarily waive the rights relinquished upon pleading guilty[;]" or (2) "that changed circumstances or new information justify withdrawal of the plea." Id. at 452, 16 P.3d at 857. The defendant has the burden of establishing plausible and legitimate grounds for the withdrawal. Id. at 451, 16 P.3d at 856.

Borero contends he did not knowingly, intelligently, or voluntarily waive his right to trial because Borero's former

2

counsel (former counsel): (1) was unaware of Borero's third-grade reading level and prior psychological history, (2) provided Borero with an incomplete "sentencing analysis," (3) did not provide Borero with copies of police photographs, and (4) devoted little time to Borero's case. However, the circuit court's plea colloquy and testimony of Borero's former counsel refute Borero's contention.

The circuit court fully apprised Borero of his rights as required by Hawai'i Rules of Penal Procedure (HRPP) Rule 11(c),(d), and (f). Before accepting his plea, the circuit court ensured Borero understood how sentencing would work under the agreement:

> THE COURT: [I]n exchange for your plea to the charges in the complaint superseding indictment and your agreement to pay applicable restitution in the amount to be determined at the time of sentencing the State has agreed to cap its request to a total of 20 years in prison as a mandatory minimum, uh, with a mandatory minimum sentence of three years and four months inclusive of the sentences you have already received in CR Number 5-1-103, Criminal Number 10-1-94K, Criminal Number 10-1-130, Criminal Number 10-1-263K.
>
> I take it what I just read, [former counsel], means that they would, uh, the -- whatever mandatory minimum sentence would be three years and four months concurrent?
>
> [FORMER COUNSEL]: It would be total of three years and four months, Judge. So in other words Mr. Borero would serve -- would receive a mandatory minimum of a total of three years and four months.
>
> . . . .
>
> THE COURT: -- it could be in the combination of zero mandatory minimum for the Class C's and three-four for the Class B?
>
> [FORMER COUNSEL]: Correct.
>
> . . . .
>
> THE COURT: All right. The exact division of sentences and determination of which counts in criminal numbers shall run concurrently or consecutively to be determined by [Borero] and communicated to the Adult Probation Department by or before the deadline for [Borero's] input. State would not ask for extended terms of incarceration.
>
> Okay. That's the extent of your understanding of your plea agreement with the State in this case?

3

[BORERO]: Yes, sir.

Former counsel's testimony at the hearing on "[Borero's] Motion to Withdraw Guilty Plea" further confirms Borero's understanding:

> [FORMER COUNSEL]: I kept [Borero] abreast of the -- of -- of the negotiations because obviously at first we didn't reach an agreement. Um, the offer that was made was not acceptable to me and I passed that along to [Borero] and I said, you know, I don't think this is a fair deal.
>
> Um, to backtrack a little, normally we go through the discovery or I go through the discovery with the client. So I went through the discovery with [Borero]. We talked about the various [strengths] and weaknesses of the case, and the various charges. We also discussed the fact that he had all [these] other pending charges that weren't really related to this but . . . nonetheless had to be considered as part of the plea agreement.
>
> So we went through all of that and as each plea offer was made we would discuss the benefits and the detriments of those agreements, and [Borero] would yay or nay or tell me whether he agreed or disagreed. He'd ask whether I thought it was a fair deal or not, um and until we reached an agreement basically I told him no. At some point in time I basically said, okay, this is within the realm but it's up to you. He chose to go with it and that's what we did.
>
> [DEPUTY PROSECUTOR]: Okay.
>
> And during those discussions . . . did you believe that [Borero] understood what you were talking about?
>
> [FORMER COUNSEL]: Yes.
>
> [DEPUTY PROSECUTOR]: At any time did [Borero] indicate to you that he could not read or that he had . . . a low reading level?
>
> [FORMER COUNSEL]: No.
>
> [DEPUTY PROSECUTOR]: At any time did [Borero] tell you he could not understand English?
>
> [FORMER COUNSEL]: No.
>
> [DEPUTY PROSECUTOR]: At any time did [Borero] tell you during these discussions that he was suffering from some form of mental condition that would prevent him from understanding what you were telling him?
>
> [FORMER COUNSEL]: No.
>
> . . . .

4

[DEPUTY PROSECUTOR]: Did you have any...indication that [Borero] did not understand what he was doing when he rejected an offer?

[FORMER COUNSEL]: No.

. . . .

[DEPUTY PROSECUTOR]: Did the questions [Borero] asked make sense with regard to what you were discussing?

[FORMER COUNSEL]: Yes.

. . . .

[DEPUTY PROSECUTOR]: Okay. So when you gave [Borero] the change of plea form I believe that was while he was at court; is that correct?

[FORMER COUNSEL]: Yes.

. . . .

[DEPUTY PROSECUTOR]: You read [the change of plea form] aloud to [Borero]?

[FORMER COUNSEL]: Yes.

[DEPUTY PROSECUTOR]: At any time did he indicate he didn't understand what you were saying?

[FORMER COUNSEL]: No.

[DEPUTY PROSECUTOR]: At any time did he indicate that he was having a panic attack during that time?

[FORMER COUNSEL]: No.

. . . .

[DEPUTY PROSECUTOR]: So you recall the change of plea hearing?

[FORMER COUNSEL]: Yes.

[DEPUTY PROSECUTOR]: And you had no indication at that hearing that [Borero] did not understand what was going on?

[FORMER COUNSEL]: No.

Former counsel reviewed all evidence and relayed all information relevant to Borero's charges and defenses:

[DEPUTY PROSECUTOR]: And did you review discovery with [Borero]?

[FORMER COUNSEL]: Yes.

. . . .

5

[DEPUTY PROSECUTOR]: Do you review all discovery with your clients? Everything that's turned over by the Prosecutor's Office do you review with you clients?

[FORMER COUNSEL]: No.

[DEPUTY PROSECUTOR]: Why not?

[FORMER COUNSEL]: Because a lot of it is a waste of time. Um, if you look, um, at your typical discovery packet will contain often times two, sometimes three copies of the same thing. Um, there's the multiple copies of the OBTS sheets which are basically just summaries of the substantive reports.

So normally what I do is I'll review all the substantive stuff that makes the difference with regard to whether or not that individual is going to be convicted or has defenses, et cetera.

. . . .

[DEPUTY PROSECUTOR]: It is your practice then in a criminal case to review all the discovery yourself?

[FORMER COUNSEL]: Yes.

[DEPUTY PROSECUTOR]: And you review what you consider pertinent discovery with your clients?

[FORMER COUNSEL]: Correct.

[DEPUTY PROSECUTOR]: Okay.

And did you do that in this case with [Borero]?

[FORMER COUNSEL]: Yes.

Finally, Borero's allegation that former counsel spent an insufficient amount of time on his case is unsupported. Borero did not meet his burden for showing plausible and legitimate grounds for withdrawal.

(2) The circuit court did not abuse its discretion when it denied Borero's motion to reconsider. A circuit court's ruling with regard to a party's motion for reconsideration is reviewed on appeal for an abuse of discretion. State v. Oughterson, 99 Hawai'i 244, 253, 54 P.3d 415, 424 (2002).

"Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Crisostomo, 94 Hawai'i

282, 287, 12 P.3d 873, 878 (2000) (internal quotation marks, citations, and brackets omitted).

Borero contends his motion to reconsider presented the circuit court with changed circumstances or new information sufficient to justify withdrawal of his plea. Borero declares he did not have the opportunity to review the transcript from his grand jury indictment. Former counsel, who the circuit court found credible, testified that he reviewed all discovery and shared the relevant information with Borero.

Borero failed to show that this new evidence or argument in his motion to reconsider could not have been presented in his motion to withdraw guilty plea. See Oughterson, 99 Hawai'i at 255, 54 P.3d at 426. In addition, the circuit court did not abuse its discretion in determining that the purported new evidence did not provide a fair and just reason for Borero to withdraw his pleas.

(3) Borero fails to establish an ineffective assistance of counsel claim.

When reviewing a claim of ineffective assistance of counsel, we look at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. See State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003). To establish an ineffective assistance of counsel claim Borero must show: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Id. To satisfy the second prong, Borero need only show a possible, not actual or probable, impairment to a potentially meritorious defense. See Id.

Borero contends former counsel: (1) failed to understand Borero's reading limitations and psycological history, (2) failed to provide Borero with copies of photographs, and (3) created an incorrect sentencing analysis. Borero concludes "[t]hese failures directly resulted in [his] relinquishment of

7

his constitutional right to jury trial, i.e., a potentially meritorious defense."

Borero did not meet his burden of showing a possibility of impairment to a potentially meritorious defense. The alleged errors are contradicted by the on-the-record colloquy and by former counsel's testimony.

Therefore,

IT IS HEREBY ORDERED that "Judgment of Conviction and Sentence" entered September 10, 2012 nunc pro tunc to September 6, 2012 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 9, 2013.

On the briefs:

Steven D. Strauss
Christopher P. Schlueter
(Law Offices of Steven D. Strauss)
for Defendant-Appellant.

Michael S. Kagami
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8